UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MICHELLE COMSTOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:12-cv-99 |
| | ) |
| D.B.K.-VISION, INC., d/b/a MCDONALD'S, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case**

1.   Plaintiff, Michelle Comstock ("Comstock"), by counsel, brings this Complaint against Defendant, DBK, Inc., d/b/a McDonald's ("Defendant"), for their discriminatory actions towards her based on her disability in violation of the American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et. seq.

**II. Parties**

2.   Comstock has resided within the State of Indiana at all relevant times hereto.

3.   DBK, Inc., d/b/a McDonald's is a corporation doing business in the Southern District of Indiana.

**III. Jurisdiction and Venue**

4.   Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117.

5.   Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

6.   Comstock, at all times relevant, has been an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7. Comstock is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12111(8). Over the past year, Defendant had knowledge of Comstock's disability and/or it regarded Comstock as being disabled and/or Comstock has a record of being disabled.

8. Comstock satisfied her obligation to exhaust her administrative remedies having timely filed a U.S. Equal Employment Opportunity Commission Charge alleging discrimination on the basis of her disability against the Defendant. Comstock received her Notice of Suit Rights for her Charge of Discrimination and timely files this action.

9. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

### IV. Factual Allegations

10. Comstock has severe asthma, which is a chronic inflammatory disorder of the airways in which airflow in and out of the lungs may be blocked by bronchial muscle constriction, swelling of airway tissue, and excess mucus. Asthma is characterized by acute episodes of obstructed breathing that occur with the narrowing of breathing passages, making it difficult to inhale but even more difficult to exhale.

11. Comstock was hired by the Defendant on or about January 2011.

12. Defendant was aware that Comstock had severe asthma, which could be triggered by extended periods of exposure to cold air temperatures.

13. In or about November of 2011, Comstock was regularly scheduled to work the drive-thru window for extended periods of time. The exposure to the cold air negatively affected Comstock's health and she had to miss work for two weeks in December due to her breathing and health problems.

14. On December 28, 2011, Comstock returned to work with restrictions ordered by the treating physician at ECHO Community Health Care. The restrictions stated, "Michelle (Comstock) should not work where she will be exposed to the cold air, such as working at a drive-thru window for more than 30 minutes as this attributes to her respiratory problems. The patient, Michelle (Comstock), should be allowed to use her nebulizer every 4 hours as needed even while at work."

15. Comstock requested reasonable accommodations concerning her disability in that these proposed restrictions would be followed by the Defendant.

16. Defendant denied Comstock's request for accommodations by refusing to agree to the proposed restrictions. Defendant continued to assign Comstock to work the drive-thru window for extended periods of time in cold air temperatures.

17. Defendant also informed Comstock that she would only be allowed to work four (4) hour shifts from then on, not the regular eight (8) hour shifts because she had to use the nebulizer while at work. Comstock would only need to use the nebulizer one time during an eight (8) hour shift, and for only ten (10) minutes. Comstock could have easily used the nebulizer during break time and continued to work a full eight (8) hour shift.

18. Comstock's hours were cut in retaliation for making the request for accommodations concerning her disability. Comstock was told by the Store Owner, David White, that if she dropped her accommodation request and restrictions, she could return to work her regular eight (8) hour shifts. Comstock was also told by the District Manager, Tonia Williams ("Williams"), that she should not come to work again until her health was fully under control.

19. On or about February 8, 2012, Comstock made another request for reasonable accommodations and produced a second doctor's note which stated, "I recommend following restrictions in workplace due to her breathing difficulty, no work at open/drive-thru window for more than 30 minutes when ambient outdoor temperature is less than 70 degrees Fahrenheit...She is dependent on a nebulizer or puffer and may use either as needed while at work."

20. After making this second request for accommodations, Comstock was told by the Store Manager that she could not return to work anymore until all the restrictions are lifted.

21. At this time, Comstock has not been allowed to return to work for the Defendant.

22. At all times relevant, Comstock met or exceeded the Defendant's legitimate performance expectations.

### V. Causes of Action

#### Count I.  ADA—Discrimination; Failure to Engage in the Interactive Process; and Failure to Accommodate Claim

23. Comstock hereby incorporates paragraphs one (1) through twenty-two (22) of her Complaint as if the same were set forth at length herein.

24. Defendant violated Comstock's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq., by discriminating against her based on her disability, failing to engage in the interactive process and failing to provide a reasonable accommodation for her disability.

25. Defendant's actions were intentional, willful and in reckless disregard of Comstock's rights as protected by the ADA.

26. Comstock has suffered and continues to suffer great harm as a result of Defendant's unlawful actions.

## Count II.  ADA—Retaliation

27. Comstock hereby incorporates paragraphs one (1) through twenty-six (26) of her Complaint as if the same were set forth at length herein.

28. Defendant retaliated against Comstock and her requests for reasonable accommodations concerning her disability by cutting her working hours and not permitting her to work when she is eligible and capable of doing so with reasonable restrictions.

29. Defendant's actions were intentional, willful and in reckless disregard of Comstock's rights as protected by the ADA.

30. Comstock has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI.  Requested Relief

WHEREFORE, Plaintiff, Michelle Comstock, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendants from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her disability;

2. Order that the Plaintiff be allowed to return to work at her former position or award front pay in lieu thereof;

3. Order that the Plaintiff be awarded any back pay she would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

4. Award the Plaintiff compensatory damages, consequential damages, and lost wages and benefits in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5. Award the Plaintiff punitive damages;

6. Award the Plaintiff his attorney fees, litigation expenses and costs incurred as a result of this action;

7. Award the Plaintiff pre- and post-judgment interest on all sums recoverable;

8. Grant such other relief as may be just and proper.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
Kyle F. Biesecker, Attorney No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:       baylsworth@bdlegal.com
             kfb@bdlegal.com

*Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Michelle Comstock, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

                                               Respectfully submitted,

                                               /s/Benjamin R. Aylsworth
                                             Benjamin R. Aylsworth, Attorney No. 29817-87
                                             Kyle F. Biesecker, Attorney No. 24095-49
                                             BIESECKER DUTKANYCH & MACER, LLC
                                             411 Main Street
                                             Evansville, Indiana  47708
                                             Telephone:     (812) 424-1000
                                             Facsimile:       (812) 424-1005
                                             Email:             baylsworth@bdlegal.com
                                                                      kfb@bdlegal.com

                                             *Attorneys for Plaintiff*